# EPHRAIM SAVITT
## Attorney at Law

260 MADISON AVENUE
SUITE 2200
NEW YORK, NEW YORK 10016
WWW.SAVITTESQ.COM

(212) 679-4470
FAX: (212) 679-6770
EPHRAIM@SAVITTESQ.COM

May 24, 2012

**_BY ECF_**
Honorable Frederic Block
Senior U.S. District Judge
U. S. District Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>United States v. Igor Katsman</u>
<u>Docket No. 09 CR 865 (FB)</u>

Dear Judge Block:

I have been asked by my client Igor Katsman, who is to self-surrender on June 19th, to begin service of his 84-month sentence, to make this motion to withdraw his guilty plea, which he entered on November 16, 2010. The principal basis for Katsman's motion, as I understand it, is that the government breached its contractual obligation in the plea agreement (attached as Exhibit A) by violating its promises, set forth on pages 10-11 in paragraphs 14 (b) and (c). Paragraph 14 (b) obligates the government to "take no position concerning where within the Guidelines range determined by the Court the sentence should fall." Paragraph 14 (c) obligated the government to "make no motion for an upward departure under the Sentencing Guidelines."

*Honorable Frederic Block*
*May 24, 2012*
*Page 2*

The Plea Agreement's Guideline's estimate, set forth in Exhibit A, pages 3-5, was that Katsman's total imprisonment range was 81 to 95 months. This predicted calculus resulted from a level 25 sentencing range of 57 to 71 months for Katsman's guilty plea to a <u>Klein</u> tax conspiracy (count one) and to a conspiracy to file false currency transaction reports (count 4), to which an additional 24 months were added because of the mandatory 2-year consecutive sentence for his plea to aggravated identity theft.

That disposition was the product of extensive and detailed negotiations over a 2-year period and eliminated a potentially higher sentence for money laundering and health care fraud conspiracy charges.

The presentence report adopted a much more stringent sentencing formula than that of the plea agreement. In its calculus, the PSR added 4 levels above the plea agreement formula for a leadership role adjustment as "an organizer of 5 or more people in the scheme." That would have resulted in a combined advisory guidelines sentencing range of 87 to 108 months on counts one and four, supplemented by the mandatory 24 consecutive months for aggravated identity theft, producing a total guidelines-based sentencing range of 111 to 132 months (or 9.25 to 11 years) imprisonment.

In the government's letter response to my detailed sentencing submission request that Katsman should be sentenced within a below-guidelines range of 24 to 30 months, the government asked the Court to reject both my requested sentence for Katsman, as well as the PSR's "plus 4 level" formula. (Government's sentencing letter 1/2/2012, attached as Exhibit B). However, in doing so, the government stated that the "Probation Department [was] correct in assessing this enhancement" of a 4-level increase for leadership role. To its credit, the

*Honorable Frederic Block*
*May 24, 2012*
*Page 3*

government asked the Court to "abide by the agreement of the parties regarding the applicable guidelines level as stated in the plea agreement." (Exhibit B, page 7).

Yet, in the same breath, the government also asked the Court, in imposing sentences to "consider that the defendant has already received a fourth point reduction under the plea agreement…" (Id). The government explained its position that Katsman was already getting a significant break in the guidelines calculus, and, for that reason, my request for a below guidelines sentence should be rejected.

Katsman maintains that this effectively breached the government's promises not to ask for a specific sentence within the guidelines range and not to move for an upward departure. He relies on the Second Circuit's opinion in United States v. Palladino, 347 F. 3d 29 (2d Cir. 2003), in which the Court vacated defendant's guilty plea and remanded the case for resentencing because the sentencing court had accepted the government's sentencing position that the guidelines calculus should include a 6-level enhancement which had not been part of the plea agreement's guidelines formula estimate. In reaching this conclusion, the Second Circuit observed that the 6-level enhancement had been based on information "known to the office" at the time of the plea, but not reflected in the agreement's estimated guidelines formula. Id. at 33-34. As such, the Court determined that the appropriate remedy was "to permit the plea to be withdrawn," rather than "specific performance" of the agreement because the district court had already been made aware of conduct underlying the improper 6-level enhancement. Id. at 34-35.

The Court cautioned, however, that "what appears to be a 'victory' for defendant in this case could ultimately result in a conviction on remand that carries a longer sentence than that initially imposed." Id. a 35, citing United States v. Velasquez, 246 F.3d 204, 215-17 (2d Cir.

*Honorable Frederic Block*
*May 24, 2012*
*Page 4*

2001). This cautionary caveat, albeit in for less elegant terms, was conveyed by me to Katsman prior to making this motion on his behalf.

However, I am duty-bound to make a complete record of what I did and what I failed to do for him as his counsel, in order to preserve his rights either to a new sentencing or to a subsequent collateral attack on his sentence. I failed to ask for the withdrawal of his plea based on the government's sentencing position. I did so because I neither saw the legal basis for such a motion nor did I believe it was in my client's best interest to move for a withdrawal of what I believed was a favorable plea disposition. To my regret, my client, for whom I care, disagrees, particularly in view of the sentence imposed which exceeded both our expectations.

I ask Your Honor to accept this submission as an application which I consider sufficiently serious to make to a federal district court and, if deemed appropriate, to grant the request relief for withdrawal of Katsman's plea.

Respectfully submitted,

Ephraim Savitt, Esq.

Enclosures

Cc: AUSA Michael Warren
Pretrial Services Officer,
Jeannine Quijeje
Igor Katsman