UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,

MEMORANDUM AND ORDER

09-CR-865 (SJ) (RML)

-against-

IGOR KATSMAN,

               Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

A P P E A R A N C E S

LORETTA LYNCH
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Michael Warren
*Attorney for the Government*

EPHRAIM SAVITT
111 Broadway
Suite 701
New York, NY 10006
By:    Ephraim Savitt

CREIZMAN, PLLC
565 Fifth Avenue
7th Floor
New York, NY 10017
By:    Eric Creizman

GERSTEN SAVAGE, LLP
600 Lexington Avenue
9th Floor
New York, NY 10022
By:   Barry Zone

*Attorneys for Defendant*

JOHNSON, Senior District Judge:

The government has moved the Court for a ruling that the government is no longer precluded from recommending that the Defendant Igor Katsman ("Defendant") be sentenced to a specific sentence within the United States Sentencing Guidelines ("the Guidelines"), or from recommending that the Court upwardly depart from a Guidelines range. For the reasons discussed below, the government's motion is GRANTED.

I.   Background Information

On November 17, 2010, the Defendant pled guilty before Magistrate Judge Steven M. Gold, to Conspiracy to Defraud the Internal Revenue Service (18 U.S.C. § 371); Conspiracy to Fail to File Currency Transaction Reports (18 U.S.C. § 371) and Aggravated Identity Fraud (18 U.S.C. §1028A (a)(1), (b) and (c)(4)). The Defendant pled guilty pursuant to a written plea agreement with the government and in satisfaction of all charges contained in a 15-count Superseding Indictment.

In consideration for his plea, the government stipulated that it would:

2

> take no position concerning where within the Guidelines range determined by the Court the Defendant's sentence should fall [and]
> make no motion for an upward departure under the Sentencing Guidelines.

See Plea Agreement ¶¶ 14(b) and (c). Paragraph 14 of the plea agreement also states:

> If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 14(b) and 14(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement.

Id. The plea agreement stipulated to a total offense level of 26, with credit for acceptance of responsibility, setting the Guidelines at 63 to 78 months. On January 6, 2012, Judge Block sentenced the Defendant to a custodial term of 60 months on Counts 1 and 4, and 24 months on Count 12, to run consecutively to the 60 month term. Judge Block also sentenced the Defendant to 3 years of supervised release.

On May 23, 2012, the confidential informant ("the Informant") who provided the government with information as to the Defendant's crimes contacted a federal case agent involved in that investigation. The Informant stated that he had discovered that a Facebook page had been created in a name similar to that of the Informant. On that page was displayed the statement, "it's good to be a rat," along with a photograph of a rodent placed adjacent to a photograph of the Informant. A copy of a federal law

3

enforcement report detailing a debriefing of the Informant conducted pursuant to his cooperation was also placed on the Facebook page. The Informant reported that the author of the page was attempting to correspond with the Informant's contacts through the Informant's actual Facebook page. The case agent assigned to the Defendant's case logged onto Facebook and was able to confirm the accuracy of the Informant's claims. Further investigation revealed that the law enforcement report posted on the false Facebook page had been previously provided to defense counsel in a case related to the investigation into the Defendant's criminal acts. Additionally, the case agent confirmed that a rodent's cage was delivered to the home of the Informant's father. Consequently, the Informant, who was on home detention, was granted permission to temporarily live elsewhere.

The case agent subpoenaed Facebook, Optimum On-line and Verizon records, which revealed that the false Facebook page had been created on May 23, 2012 from a computer located at Infinite Auto Lease—a location frequented by the Defendant. The user code issued when the false Facebook page was created (which permits only the page's author to edit the page's content) was accessed four times on May 24, 2012 from a computer located in the Defendant's residence. On June 18, 2012, Infinite employees confirmed to the case agent that the Defendant frequented Infinite's premises and had been permitted to use computers on-site.

Hours after the case agent visited Infinite, the Informant received a phone call from the Defendant, who asked the Informant if the Informant knew why the

P-049

Defendant was calling him. The Informant indicated that he believed the Defendant was calling him apropos the false Facebook page. Defendant then acknowledged that he had created the Facebook page while he was inebriated. The Defendant called the Informant again later and recanted his earlier admission. The next day, the Defendant again called the Informant to inquire as to whether the Informant was planning to attend that day's status conference before Judge Block.

On May 24, 2012 and June 4, 2012, the Defendant moved to withdraw his guilty plea, or, in the alternative, to be re-sentenced before a different District Court Judge. The Defendant submitted—and the government conceded—that the prosecutor assigned to his case during sentencing had violated paragraph 14(b) of the plea agreement by recommending a specific sentence within the Guidelines range. On June 19, 2012, Judge Block denied Defendant's motion to withdraw his plea but granted his motion for re-sentencing; accordingly, the case was reassigned to this Court.

On June 29, 2012—the first status conference before this Court—the government moved that the Defendant's bail be revoked based upon his creation of the false Facebook page. Defense counsel conceded that the Defendant had created the false Facebook page, but argued in mitigation that the Defendant created the false page in a fit of "sour grapes" after Defendant learned that the Informant had received a non-custodial sentence. See Transcript of June 29, 2012 Status Conference at 10. The Court granted the government's motion, revoked the Defendant's bail and immediately remanded him to the custody of the U.S. Marshals.

5

On September 19, 2012, the Informant contacted the case agent and stated that he continued to experience hostility from associates of the Defendant, due to the revelation of his cooperation with the government. On September 25, 2012, the government moved this Court for a pre-sentence ruling that due to misconduct by the Defendant, the government is no longer precluded from arguing that the Defendant should receive a particular sentence within, or above, the Guidelines range.

Defendant presents two objections to the government's motion. First he claims that the creation of the Facebook page did not constitute a crime. See Defendant's Letter In Response To Government's Application For A Pre-Sentence Ruling Permitting It To Be Released From Its Obligations Under The Plea Agreement as to Igor Katsman ("Defendant's Letter") (Dkt. No. 72). Second, he asserts that the Informant was not intimidated by the creation of the Facebook page and expressed a desire to so testify on the defendant's behalf. Id.

## II. Discussion

A. Should the Government be Released from ¶¶ 14(b) and 14(c) if it Receives Information Relevant to the Defendant's Sentencing After the Plea Agreement is Executed?

Whether or not the Defendant's misconduct constitutes a criminal act is irrelevant to a determination that the government should be released from ¶¶ 14(b) and (c) of its plea agreement with the Defendant. Defendant's argument that the CW was not intimidated by Defendant's acts of misconduct is similarly unavailing. Rather, the plain language of the plea agreement clearly stipulate that the government may be

6

released from its commitments under ¶¶ 14(b) and 14(c) of a plea agreement if any "information relevant to sentencing, as determined by the Office becomes known to the office after the date of [the] agreement." The Second Circuit has explained that the government must have the discretion to recommend more severe sentences when "the change of position is based on its *subsequent* acquisition of aggravating information." United States v. Habbas, 527 F.3d 266, 272, n.1 (2d Cir. 2008) (emphasis in original).

The Defendant's creation of a false Facebook page in order to harass and intimidate the Informant is a material new fact bearing upon Defendant's character and therefore relevant to sentencing, which justifies freeing the government from its commitment to not recommend a particular sentence within or above the Guidelines range. See United States v. Soto, 2009 WL 765015 at *1 (summary order) (2d Cir. 2009) (freeing the government from its commitment under the plea agreement "because new information relevant to sentencing . . . became known to the government after the execution of the agreement"). The Defendant's objections to the government's motion cannot, therefore, withstand scrutiny. As the Defendant has now breached his contract with the government, the government must be released from its obligations thereto.

B. Is the Fact that the Informant May Not Have Been Intimidated Relevant to Whether or Not Defendant's Conduct Breached His Plea Agreement with the Government?

7

P-049

Whether or not the Informant was, in fact, intimidated by the Defendant's conduct has no bearing upon the impact of Defendant's conduct upon his plea agreement with the government. The Defendant was in privity with the government, not with the Informant; accordingly, any emotional impact by the Defendant's breach of his agreement with the government is irrelevant.

### III.  Conclusion

The Court finds that the Defendant's willful, harassing and intimidating misconduct is information relevant to sentencing. Accordingly, the government's motion is GRANTED. The government is released from its commitments under ¶¶ 14(b) and 14(c) of the plea agreement, and may now recommend a specific sentence within the Guidelines range, or above that range.

SO ORDERED.

Dated:  Brooklyn, New Yc

November 27, 2012

/s/(SJ)

Sterling Johnson, Jr., U.S.D.J.