**MANDATE**

13-0118
United States v. Katsman

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1       At a stated term of the United States Court of Appeals
2   for the Second Circuit, held at the Thurgood Marshall United
3   States Courthouse, 40 Foley Square, in the City of New York,
4   on the 13th day of January, two thousand fourteen.
5
6   PRESENT: DENNIS JACOBS,
7            RAYMOND J. LOHIER, JR.,
8            CHRISTOPHER F. DRONEY,
9                     Circuit Judges.
10
11  - - - - - - - - - - - - - - - - - - - -X
12  UNITED STATES OF AMERICA,
13       Appellee,
14
15       -v.-                                        13-0118
16
17  IGOR KATSMAN,
18       Defendant-Appellant.
19  - - - - - - - - - - - - - - - - - - - -X
20
21  FOR APPELLANT:           JONATHAN I. EDELSTEIN, Edelstein
22                           & Grossman, New York, New York.
23
24  FOR APPELLEE:            MICHAEL H. WARREN, for Loretta
25                           E. Lynch, United States Attorney
26                           for the Eastern District of New
27                           York, Brooklyn, New York.
28

MANDATE ISSUED ON 03/26/2014

Appeal from a judgment of the United States District Court for the Eastern District of New York (Johnson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Katsman appeals from the judgment of the United States District Court for the Eastern District of New York (Johnson, J.), convicting him of conspiracy to defraud the Internal Revenue Service in violation of 18 U.S.C. § 371 (two counts) and aggravated identity fraud in violation of 18 U.S.C. § 1028A. On appeal, Katsman challenges the 120 month sentence as procedurally erroneous and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**1. Organizer-Leader Enhancement**

The offense level may be enhanced for an "organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1 (2012). "[T]he sentencing court's findings of fact as to a defendant's role in the offense will be overturned only if they are clearly erroneous. The district court's conclusion that [a defendant is] a manager, supervisor, organizer, or leader, for purposes of U.S.S.G. § 3B1.1(a), however, involves a legal interpretation of the Guidelines and is

reviewed *de novo*." United States v. Wisniewski, 121 F.3d 54, 57-58 (2d Cir. 1997) (internal quotation marks and citations omitted).[1]

Katsman argues that the district court improperly conflated his essential role in the conspiracy with being its leader, and that he did not direct the actions of his "clientele." This enhancement entails the following considerations:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 cmt. 4; see United States v. Beaulieau, 959 F.2d 375, 379-80 (2d Cir. 1992). Katsman played an instrumental role by providing his partners the checks to be cashed, directing at least one individual to delay filing a currency transaction report, purchasing the identification documents, and instructing his partners to assign each shell company to a particular client to lessen the risk of exposure. Given the scope of the offense to commit tax

---

[1] The district court adopted the facts recited in the presentence report. Where a presentence report states enough facts for meaningful appellate review, a district court may thus satisfy its obligation to make factual findings. See United States v. Skys, 637 F.3d 146, 157 (2d Cir. 2011).

fraud, the nature of Katsman's necessary facilitation, and his direction over his partners, we find no error in the district court's application of the organizer-leader enhancement.

To the extent Katsman argues that the four-level enhancement overstates the size of his criminal enterprise, the presentence report identifies eight medical supply companies involved in the conspiracy. While Katsman rightly argues that an ordinary customer-vendor relationship does not establish a conspiracy, see United States v. Hawkins, 547 F.3d 66, 72 (2d Cir. 2008), there was sufficient evidence in this case of a conspiracy. Indeed, Katsman pled guilty to two conspiracy charges.

**2. Government's Release From the Plea Agreement**

When interpreting a plea agreement, "courts construe plea agreements strictly against the Government." United States v. Ready, 82 F.3d 551, 559 (2d Cir. 1996), superseded on other grounds as stated in United States v. Cook, 722 F.3d 477, 481 (2d Cir. 2013). Furthermore, "courts may apply general fairness principles to invalidate particular terms of a plea agreement." Id. In the plea agreement, the Government agreed not to advocate for a position within the acknowledged Guidelines range in the absence of any subsequent information relevant to sentencing. Katsman

contends that these principles of interpretation require us to hold that the relevant information must be material and significant.  Even if we accept this argument, Katsman's creation of a Facebook page to denounce a cooperating witness was material and significant, at least insofar as it demonstrates Katsman's character and even the extent to which he is accepting responsibility.  Regardless of truth, publicizing the cooperation of another person in the criminal process can have serious consequences.  No case supports the argument that a fact is material only if it shows a criminal offense or the factual predicate of a sentencing enhancement.

### 3. Vindictiveness

Katsman argues that the increase in sentence at resentencing was presumptively vindictive in light of North Carolina v. Pearce, 395 U.S. 711, 725-26 (1969).  However, "before a defendant may invoke the Pearce presumption, there must be a 'reasonable likelihood that the increase in sentence is the product of *actual vindictiveness* on the part of the sentencing authority.'"  United States v. Singletary, 458 F.3d 72, 76 (2d Cir. 2006) (quoting Alabama v. Smith, 490 U.S. 794, 799 (1989)) (emphasis in Singletary).  Katsman cannot show such a reasonable likelihood.  His resentencing was conducted by a different district judge, the

resentencing was not the result of a successful appeal, and the resentencing judge was aware of Katsman's conduct on Facebook and the Government's request to add the organizer-leader enhancement.

### 4. Substantive Unreasonableness

Substantive reasonableness is reviewed for abuse of discretion. United States v. Leslie, 658 F.3d 140, 142 (2d Cir. 2011). Katsman played a crucial role in this conspiracy. Furthermore, the district court appropriately considered Katsman to be an organizer in the scheme and knew of Katsman's later conduct on Facebook. Part of Katsman's sentence--24 months--was also mandatory as a result of the identity fraud charge. 18 U.S.C. § 1028A(a)(1); (b)(2). Furthermore, the sentence was within the Guidelines range. The district court did not abuse its discretion in imposing this sentence.

For the foregoing reasons, and finding no merit in Katsman's other arguments, we hereby **AFFIRM** the judgment of the district court.

                                FOR THE COURT:
                                CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit